SAMUEL NEIMEYER

*v.*

JAMES KNIGHT *et al.*

*Filed at Springfield March 21, 1881.*

1. FORFEITURE—*person who may enforce.*  A son received a conveyance of an eighty and forty acre tract of land from his parents, with a condition that he was to pay them a certain sum during their joint lives, and one-half thereof to the survivor for life, with a clause in the deed authorizing them or either of them to declare a forfeiture for non-payment, and he afterwards conveyed the eighty acre tract to another in consideration of the undertaking on the part of the second grantee to fulfill the same conditions to his grantor's parents in proportion to the land conveyed to him, in which last deed it was provided that a failure to pay such sum of money, etc., should work a forfeiture of the title, and operate against the grantee therein the same as far as it would have done against the grantor, and the second grantee having refused to pay the same to the grantor's parents, the latter paid it, and filed his bill to have the deed declared forfeited, to which the court sustained a demurrer:  *Held,* that the contract, being between the complainant and defendant only, the former alone could insist upon the forfeiture after the payment by him to save his other tract, and that the court erred in sustaining the demurrer, and that the complainant, at least, was entitled to have the sum paid by him decreed a lien upon the land.

APPEAL from the Circuit Court of Tazewell county; the Hon. NINIAN M. LAWS, Judge, presiding.

Mr. C. A. ROBERTS, for the appellant:

The demurrer admits all the facts well pleaded in the bill, viz:

1.   That the contract of sale between the complainant and Knight was, that the latter, as part and in fact the sole con-

sideration for the making of the deed by complainant, was to make certain payments at certain stated times.

2. That, upon a failure to comply, the same should work a forfeiture of the contract, and complainant might go into court for the purpose of enforcing the forfeiture.

3. That he did fail to comply, thereby giving the complainant the right to go into court to enforce the forfeiture.

4. That parties have a right to provide a penalty to secure prompt performance of a contract.  See *Mason* v. *Caldwell*, 5 Gilm. 204.

While it may be true a court of equity is loth to enforce forfeitures, yet, when parties provide in the contract itself that it shall be enforced in a court of equity, they will not afterwards be permitted to object to that forum.

Mr. A. B. SAWYER, and Messrs. GREEN & COHRS, for the appellees: .

Courts of equity do not favor forfeitures, and when one is prayed for in equity, a clear right to it must be alleged and proved.

Under the deed, complainant has no authority conferred on him to declare a forfeiture.  No one but Christian or Anna Neimeyer could enforce a forfeiture, and they could not, when paid their yearly charge, until a second default.

In support of the position, that courts do not favor forfeitures, we refer to the following authorities: *Home Life Ins. Co.* v. *Pierce*, 75 Ill. 427; *Palmer* v. *Ford*, 70 id. 370; *Hartford Fire Ins. Co.* v. *Walsh*, 54 id. 169; *Voris et al.* v. *Renshaw*, 49 id. 426; *Clark* v. *Lyons*, 25 id. 105; *Morgan et al.* v. *Herrick*, 21 id. 497; *Glover* v. *Fisher et al.* 11 id. 666; 4 Kent, 129; 1 Shep. Touchstone, 133.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The question presented here is upon a demurrer to a bill in equity.

On the 14th day of August, 1873, Samuel Neimeyer conveyed to James Knight a certain eighty acres of land in

Tazewell county, in this State, the deed of conveyance containing the following:

"It is further provided that this conveyance is made on the following terms, that is to say: Whereas, the party of the first part herein, did, on the 21st day of December, A. D. 1872, purchase of his father and mother, Christian and Anna Neimeyer, the above tract of land, and another piece of forty acres, upon the conditions that the said first party herein was to pay to his said father and mother aforesaid the sum of $200 per annum during the term of their joint natural lives, and when either the said Christian or Anna Neimeyer dies, then to the survivor thereof the sum of $100 per annum, payable annually so long as such survivor lives; and upon a failure thereof a forfeiture may be declared of that deed by the said Christian and Anna Neimeyer, or either of them, by filing a petition through or in the circuit court of Tazewell county, Illinois."

It was further provided that said Christian and Anna Neimeyer should live on said premises conveyed as aforesaid at their will and pleasure,—and that the first party herein should keep the taxes on said land paid up, and that a failure so to do, during the lives of either the said Christian or Anna Neimeyer, should work a forfeiture of said deed.

The deed then proceeds: "Now, therefore, this conveyance witnesseth that in consideration of the premises, the party of the second part takes the land above described and undertakes to fulfill, in every particular, the above conditions, in proportion to the amount of land he gets, that is to say, he is to pay the sum of $100.33⅓ cents per annum, annually, to the said Christian and Anna Neimeyer, during the term of their natural lives; and when either of them dies, to the survivor the sum of $66.66⅔ cents per annum, annually, so long as the survivor lives; and a failure of paying said sum of money, and the taxes, according to the terms imposed as aforesaid, shall work as a forfeiture of this deed and to operate as against him the same as it

would have done as aforesaid, so far as the eighty acres above described is concerned."

The bill was filed by Samuel Neimeyer against James Knight and others, in the circuit court of Tazewell county, on the 14th day of January, 1880, to enforce the aforenamed provisions contained in said deed from Neimeyer to Knight. The bill alleges that the only consideration for the making of the deed was the payment of the aforesaid sums of money by Knight to Christian and Anna Neimeyer, as above mentioned; that upon the making of the deed, Knight took immediate possession of the land, and has held the same ever since; that on or about ——————— the said Anna Neimeyer died; that on the 21st day of December, 1878, there remained due to Christian Neimeyer the sum of forty-nine dollars of the amount of sixty-six dollars and sixty-six cents, which should have been paid on that day by Knight to Christian Neimeyer, according to the provision of such deed; that on the 21st day of December, 1879, there became due the further sum of sixty-six dollars and sixty-six cents, which Knight should have paid to Christian Neimeyer, according to such provision; that Knight has wholly neglected and refused to pay said sums of forty-nine dollars and sixty-six dollars and sixty-six cents; that to prevent a forfeiture, as expressed in said deed from Christian and Anna Neimeyer to the complainant, complainant was compelled to and did pay to the said Christian Neimeyer the last two mentioned sums of money; that before making such payment he demanded of Knight that he should make the same, which he refused and still refuses to do, either to Christian Neimeyer or to complainant; that on the 2d day of January, 1880, complainant elected to declare the deed from himself to Knight forfeited, as provided in the deed, and on that day gave to Knight a written notice, declaring the deed forfeited. The bill alleges that one John C. Sharp claims some interest in the land, but that it is subject and subordinate to the interest of complainant; it makes Sharp a defendant together with

Knight and his wife, and prays for a forfeiture as expressed in the deed from complainant to Knight; that the deed be declared null and void, and the title and possession of the land be declared to be in complainant free from all claim of the defendants, or any one claiming through them, and for general relief.

On petition of the Baker Manufacturing Company, it was granted leave to be made a party, the petition alleging that the company was the owner of a mortgage on the premises, made by Knight and wife to John C. Sharp, September 1, 1879, to secure the payment of a note from Knight to Sharp for $1500, payable five years after that date, and that Sharp had assigned the note to said company.

The bill was taken for confessed against Knight and wife. Sharp and the Baker Manufacturing Company filed demurrers to the bill, which were sustained and the bill dismissed. The cause is before us on writ of error.

It is objected, on the part of the defendants, that courts do not favor forfeitures, and that when a forfeiture is prayed for, in equity, a clear right to it must be shown; that Samuel Neimeyer, the complainant, has no power to declare a forfeiture, or enforce one, for non-payment of the annuity to Christian Neimeyer; that in the deed from Christian and Anna Neimeyer to complainant, it was provided that said Christian and Anna, or either of them, might declare such forfeiture by filing a petition in the circuit court of Tazewell county; and that, in this second deed from complainant to Knight, the terms of it are that the failure of payment should work as a forfeiture of the deed and operate against Knight the same as in the deed from Christian and Anna Neimeyer to complainant; that is to say, that Christian or Anna Neimeyer could declare the forfeiture, and no one else is empowered so to do. And it is said that the annuity having been paid in full at the time the bill was filed, even Christian Neimeyer could not have properly brought the suit.

This, we think, is altogether too narrow a view to take of the contract between these parties, as evidenced by the provisions in this deed from complainant to Knight. The title to relief under the bill does not rest upon any mere technical right of forfeiture, and that to be strictly construed as against the exercise of the right. It was expressly stipulated by the deed that Knight should pay his named proportional share of this annuity, and it was the effect of the agreement contained in the deed that the land was taken and to be held subject to this payment by Knight, as a charge upon the land. The deed was from complainant to Knight, and the stipulation was between them. On Knight's failure to make the payment as he had agreed, if there was not a right of strict forfeiture of his title, there was an undoubted right to subject the land to the payment.

Although the stipulation of payment was to the benefit of Christian Neimeyer, the annuity being payable to him, it was not for his sole benefit; it was also for the benefit of the complainant, inasmuch as the charge of the whole annuity rested upon the forty acres of the land which he still retained, as well as upon the eighty acres he conveyed to Knight. The payment of the arrears of the annuity by complainant to Christian Neimeyer before the bringing of the suit, so that at that time there was nothing in arrear to Christian Neimeyer, did not fulfill the stipulation of payment by Knight. He was in default in not making the payment himself, and complainant has suffered in having to make the payment, which he was compelled to do, in order to the protection of the title of his forty acres of the land which he retained; and he is at least entitled to reimbursement out of the land conveyed to Knight.

Sharp being a subsequent mortgagee of the land from Knight, of course he and his assignee, the Baker Manufacturing Company, occupy no better position than Knight himself, under whom they claim.

We are of opinion the demurrers should have been over-ruled instead of being sustained, and the judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*